UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK
------------------------------------------------------------x
AIKIO GARNES,

                Plaintiff,

vs.

THE CITY OF NEW YORK, POLICE OFFICER
MIA MARTIN, and POLICE OFFIECERS
JANE AND JOHN DOES 1-10,

                Defendants.
------------------------------------------------------------x

Civil Action No.

Complaint

JURY TRIAL DEMANDED

Plaintiff AIKIO GARNES, by his attorneys, DeSimone and Associates, LLC, hereby brings this action under 42 U.S.C. §1983 to redress violations of his civil and legal rights, and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, AIKIO GARNES, seeks relief for the violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of New York by the defendants CITY OF NEW YORK ("City"), POLICE OFFICER MIA MARTIN ("Martin") and POLICE OFFICERS JOHN and JANE DOES 1-10 ("DOES"). Plaintiff seeks compensatory and punitive damages; an award of costs, interest, and attorneys' fees; and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. §1391(b)(2) in that the events giving rise to Plaintiff's claims occurred in Bronx County, New York, which is located within the Southern District of New York.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

6. At all times relevant herein, Plaintiff AIKIO GARNES was a resident of Bronx County, New York. Plaintiff is currently a resident of Camden County, New Jersey.

7. Defendant CITY OF NEW YORK is a municipality of New York State. The NYPD is an administrative arm of New York City. Defendant City of New York is responsible for the administration and operation of the NYPD and charged with the employment, control, supervision, discipline and training of NYPD personnel and employees and with formulation of policies, customs and practices governing NYPD personnel and employees.

8. That at all times hereinafter mentioned, the defendant CITY OF NEW YORK, is authorized by law to maintain a police department which acts as its agent in the area of law enforcement for which it is responsible.

9. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendants Martin and POLICE OFFICERS JOHN AND JANE DOES 1-10.

10. Upon information and belief, and at all times hereinafter mentioned, the defendant CITY OF NEW YORK, employed the officers, policemen, and their assistants and others hereinafter referred to in this Complaint.

11. That at all times hereinafter mentioned, the defendant CITY OF NEW YORK and/or its police department, is a body corporate politic, formed and existing under and by virtue of the Laws of the State of New York with the power and authority to carry out municipal functions including the hiring and supervising of police officers, and at all times relevant hereto, employed police officers and/or supervisory personnel.

12. Upon information and belief, that at all the times hereinafter mentioned, the Defendant, CITY OF NEW YORK, employed the officers, policeman, and their assistants, drivers, and others hereinafter referred to in this complaint.

13. At all times hereinafter mentioned, the defendants, jointly and/or severally, their agents, servants and/or employees, were acting within the scope of their employment and did perform the illegal acts alleged herein with the consent, approval and authority of the defendants.

14. Defendant CITY OF NEW YORK assumes the risks attendant to the maintenance of a police force and the employment of its police officers. Defendant CITY

OF NEW YORK was at all relevant times herein the public employer of Defendants Martin and POLICE OFFICERS JOHN & JANE DOES 1-10.

15. Defendants Martin and POLICE OFFICERS JOHN & JANE DOES 1-10 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK.

16. At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

17. By the conduct, acts, and omissions complained of herein, Martin and POLICE OFFICERS JOHN & JANE DOES 1-10 violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United State Constitution of which a reasonable police officer under the circumstances would have known.

18. At all times relevant herein, Defendant Martin was a New York City Police Officer working in Bronx County, New York. Martin's place of residence is currently unknown.

19.     At all times relevant herein, Defendant POLICE OFFICERS JOHN AND JANE DOES 1-10 were or are New York City Police Officer working in Bronx County, New York. DOES' place of residence is currently unknown.

## STATEMENT OF FACTS

20.     On March 13, 2024, defendants Martin and DOES arrested and detained Plaintiff without a warrant and without probable cause, in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

21.     At approximately 7:40 p.m. on March 13, 2024, Plaintiff was near the intersection of 172nd Street and Stratford Avenue in Bronx County, New York, outside the home of his girlfriend, Abigail McDonald. Plaintiff was at Ms. McDonald's home for the purpose of doing laundry. Plaintiff and Ms. McDonald had carried the laundry downstairs from Ms. McDonald's apartment to the sidewalk in order to load it into the trunk of Plaintiff's rental car, a black Dodge Charger.

22.     When Plaintiff and Ms. McDonald came down to the sidewalk, Plaintiff observed two police officers sitting in a vehicle parked behind his car. These two officers were defendants Martin and DOE.

23.     As Plaintiff began to load the laundry into the trunk of his car, Martin and DOE emerged from their vehicle and approached Plaintiff. Martin informed Plaintiff and Ms. McDonald that she and DOE were looking for a black Dodge Charger whose description matched Plaintiff's car; a complainant had alleged that the driver of the subject car had nearly run him down and flashed a gun at him as he drove away.

24.     Martin patted Plaintiff down and checked his identification. No weapon was found on Plaintiff's person or in his vehicle.

5

25. Martin informed Plaintiff that the complainant had identified him, from a location across the street from where Plaintiff was then standing, as the individual who had flashed a gun at him. Defendants then placed Plaintiff under arrest and put him in handcuffs. Defendants had neither a warrant nor probable cause to arrest Plaintiff.

26. When Defendants cuffed Plaintiff, they placed the cuffs on him tightly. Plaintiff informed the Defendants that the cuffs were tight, but Defendants told him the ride to the precinct would be short, so he would not be wearing the cuffs for very long.

27. Defendants transported Plaintiff to the 43rd Precinct, located in Bronx County, New York, where Plaintiff was searched, fingerprinted, questioned, and released from his cuffs. Once he was uncuffed, Plaintiff was confined to a holding cell. While in the holding cell, Plaintiff noticed soreness in both wrists, which he attributed to the tightness of the cuffs.

28. Plaintiff was subsequently transported by van to Bronx Central Booking. Plaintiff was again cuffed tightly before transport. The ride to Central Booking took twenty minutes, and Plaintiff was left waiting in the van for an additional two hours. Plaintiff remained cuffed during this entire time. Plaintiff suffered pain in his wrists due to the tightness of the cuffs and was compelled to contort his body in order to relieve the pressure on his wrists. During this period, Plaintiff asked Defendants on four separate occasions to loosen his cuffs because he was in pain, and they refused. Eventually, Plaintiff was removed from the van and escorted through the booking process; his cuffs were removed and he was placed in another holding cell and detained overnight.

29. Plaintiff was charged with menacing in the second degree with a weapon and harassment in the second degree with physical contact. He was arraigned at

6

approximately 5:00 p.m. on March 14, 2024, and ordered released on his own recognizance, despite the prosecutor's request for bail. Plaintiff returned to his home by approximately 10:00 p.m. that night, after approximately 24 hours of detention.

30. On April 15, 2024, Plaintiff's next court date in Bronx Criminal Court, the charges against Plaintiff were dismissed.

31. For a couple weeks following his release from detention, Plaintiff experienced continuing soreness in both wrists and hands, especially his right hand, and in his right shoulder. Over time, however, his injuries progressed to the point that he felt sharp, stabbing pain when performing routine tasks such as putting on a t-shirt or placing his hands on a steering wheel. When his pain did not improve, Plaintiff sought medical attention. He has been and continues to be under the care of an orthopedic specialist and a radiologist and has received treatments including pain relievers, muscle relaxers, steroid injections, and physical therapy. These injuries required surgery.

## CAUSES OF ACTION

### FIRST CLAIM: WRONGFUL ARREST, EXCESSIVE FORCE, DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

32. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 31 as if fully set forth herein.

33. Defendants Martin and DOES arrested Plaintiff without a warrant and without probable cause, without lawful justification or reason, and with a knowing disregard for Plaintiff's constitutional rights. The conduct of MARTIN and DOES, acting in concert and under color of law, in wrongfully arresting Plaintiff, was willful, malicious, performed with deliberate indifference and/or with a reckless disregard for the

7

natural and probable consequences of their acts, and was designed to, and did, cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person.

34. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation and were deprived of his liberty and was otherwise damaged and injured.

35. Defendants Martin and DOES were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. §1983 because they were commissioned by the City of New York to exercise police powers.

36. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### SECOND CLAIM: WRONGFUL DETENTION
### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

37. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth herein.

38. Defendants Martin and DOES were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. §1983 because they were commissioned by the City of New York to exercise police powers.

39. Defendants Martin and DOES detained Plaintiff and deprived him of his liberty without a warrant and without probable cause, without lawful justification or reason, and with a knowing disregard for Plaintiff's constitutional rights. The conduct of Martin and DOES, acting in concert and under color of law, in wrongfully detaining and confining Plaintiff, was willful, malicious, performed with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, and was designed to, and did, cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and an unreasonable deprivation of his liberty.

40. Plaintiff was aware of, and at no point consented to, his detention and confinement by the Defendants.

41. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### THIRD CLAIM: MUNICIAPL LIABILTY FOR CONSTITUTIONAL VIOLATIONS

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

43. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff and is liable for the damages suffered by Plaintiff as a result of the

conduct of the Defendant police officers. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

44. At all times relevant to this Complaint, Defendant CITY OF NEW YORK, acting through the NYPD, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

45. Moreover, upon information and belief, the actions of the police Defendants resulted from and were taken pursuant to a de facto policy and/or well settled and widespread custom and practice of the CITY OF NEW YORK, which is implemented by police officers of said city, to summarily punish persons through allegations without any basis in fact, which results in arrest, prolonged detention, continued harassment, and intentional infliction of emotional distress upon these persons and specifically upon this Plaintiff.

46. Upon information and belief, the existence of such de facto policies and/or well settled and widespread customs and practices has been known to supervisory and policy-making officers and officials of the CITY OF NEW YORK for a substantial period of time.

47. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and policy-making officers and officials of the CITY OF NEW YORK have taken no taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies,

customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York and in specific, this Plaintiff.

48.     Upon information and belief, and without limiting to the foregoing, the CITY OF NEW YORK has specifically failed to terminate said practices by failing to properly train, instruct and discipline police officers with regard to proper conduct and investigation of an alleged crime; failing to properly train, instruct and discipline police officers with regard to the preparation of truthful accusatory instruments; failing to properly train and instruct police officers with regard to the elements of crimes and failing to discipline officers who unjustifiably charge persons with crimes and/or illegally detain and/or stop persons, and illegally and without consent, justification and permission batter and assault; and failing to properly train, instruct and discipline police officers with regard to the exercise of their authority.

49.     As a result of the above-described policies and customs, police officers of the CITY OF NEW YORK, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

50.     The conduct of Defendants, their agents, servants, and/or employees and police officers was willful, wanton, malicious, and one with an evil motive and intent and a reckless disregard for the rights and safety of the Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

51.     Defendant CITY OF NEW YORK is directly liable and responsible for the acts of its agents, servants and/or employees and police officers as well as any unknown

police officers because they have repeatedly and knowingly failed to properly supervise, train and discipline said officers and because they repeatedly and knowingly failed to enforce the rules and regulations of the NEW YORK CITY POLICE DEPARTMENT and the laws of the State of New York and the United States.

52. Upon information and belief, Defendant CITY OF NEW YORK knew or should have known that the acts alleged herein would deprive Plaintiff of his rights, in violation of the Fourth and Fourteenth Amendments to the Constitution, including, without limitation, Plaintiff's right to be free from unreasonable seizure of his person and deprivation of his liberty.

53. The wrongful policies, practices, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against defendants The CITY OF NEW YORK, MARTIN and DOES:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. The convening and empanelling of a jury to consider the merit of the claims herein;

   d. Costs and interest and attorneys' fees;

   e. Such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         October 22, 2025

RALPH DESIMONE, ESQ.
DESIMONE & ASSOCIATES, LLC
745 Fifth Avenue, Suite 500
New York, New York 10151
(646) 776-7425
*Attorneys for Plaintiff*